SAMUEL HOPKINS,
vs.                     }   MARCH TERM, 1851.
HENRY McELDERY.

[MOTION TO BRING MONEY INTO COURT.]

THOSE who make the motion to have money brought into Court, must show that they have an interest in the sum proposed to be called in, and that he who holds it in his possession, has no equitable right to it whatever, and the facts on which these positions are based must be found in the case as it then stands, either admitted or so established as to be open to no further controversy at any subsequent stage of the proceedings.

An answer exhibited accounts, showing a balance due complainant, which defendant says he was willing to settle, but the former refused to receive, and filed his bill, and the defendant believed, and still believes, that balance to be too large, and insists that he is now entitled to have certain sums credited with which he had not been credited in the accounts. HELD —That these admissions were not sufficient to authorize an order to bring the balance into Court.

[The facts of the case are stated in the opinion.]

THE CHANCELLOR :

This case is submitted, on the part of the defendant, upon the petition of the complainant and the order of the Court of the 12th of March last, requiring the defendant to bring in a certain sum of money, or show cause to the contrary by a day limited for that purpose.

The case is submitted without proof, and therefore the propriety of compelling the defendant to bring in the money depends entirely upon the admissions of the answer; and upon these admissions indeed the complainant rests his application. The rule upon this subject is well stated, by the late Chancellor, in *McKim* vs. *Thompson*, 1 *Bland*, 150. At page 159, he says "that those who make this motion" (that is, a motion to have money brought in), " must show that they have an interest in the sum of money proposed to be called in, and that he who holds it in possession has no equitable right or title to it whatever; and the facts on which these positions are to be based, must be found in the case as it then stands. Either admitted or so established as to be open to no further controversy at any subsequent stage of the proceedings."

Now in this case the answer exhibits certain accounts, showing a balance due the complainant, upon which the defendant says he was willing to settle and pay the balance; but that complainant had refused to receive such balance, and subsequently filed his bill in this Court. But this exhibition of the accounts and declared willingness to pay the balance appearing by them to be due the complainant, is accompanied by the qualification " that the respondent believed, and still believes, that the balance there struck in favor of the complainant, was too large." And in a subsequent part of the answer, the defendant, after alleging that he had paid certain sums with which he had not been credited, claims that he is now entitled to have them credited in his settlement with the complainant.

The admission, therefore, perhaps, can be regarded as nothing more than an offer to compromise a disputed account,

which offer not being accepted, cannot be used with much effect in the progress of the cause : that, at all events, it is certainly not now in the power of the Court to say that the fact that the defendant owes this precise sum, is so conclusively established as to be open to no further controversy at any subsequent stage of the cause. The application must be overruled.

TEACKLE and BARROL, for the Complainant.
ALEXANDER and GILL, for the Defendants.